UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SHEPHERD          :
                                    :
     v.                       :     C.A. No. 12-143L
                                    :
AIR & LIQUID SYSTEMS    :
CORP., et al.                :

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      Pending before the Court are the Motions for Partial Summary Judgment filed by Plaintiff as to three of Defendants' Affirmative Defenses: the Sophisticated Purchaser Defense, the Intervening Negligence Defense and the Government Contractor Defense. (Document Nos. 458, 459, 460). Crane and Foster Wheeler each filed their own Objections to the Motion for Partial Summary Judgment as to the Government Contractor Defense (Document Nos. 480, 494) and both Defendants joined with several other Defendants in Objection to the Motions for Partial Summary Judgment filed with respect to the Sophisticated Purchaser Defense and Intervening Negligence Defense. (Document Nos. 483, 485). The Court also notes that in its Motion for Summary Judgment, Foster Wheeler also independently argued that Plaintiff's claims are barred by the Government Contractor Defense and the Sophisticated User Defense. (Document No. 430). A hearing was held on January 14, 2015. This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). After reviewing the Memoranda submitted by the parties and the relevant case law, I recommend that Plaintiff's Motions for Partial Summary Judgment be DENIED.

**Background**

Plaintiff submitted a Consolidated Statement of Undisputed Facts in connection with all three Motions. (Document No. 461). Crane responded by filing a Statement of Disputed Facts (Document No. 481), and a Statement of Additional Undisputed Facts (Document No. 482). Foster Wheeler responded by Filing its Statement of Disputed Facts. (Document No. 484). In sum, both sides have effectively presented their competing evidence on these fact-based defenses to the Court, and ask the Court to weigh the evidence and rule on the viability of these defenses without the benefit of trial. Such factfinding by the Court in the summary judgment context is not appropriate. As set forth below, there are material facts in dispute that prevent the disposition of these affirmative defenses under Rule 56.

**Summary Judgment Standard**

Summary Judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show

a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

**A.     The Sophisticated User/Sophisticated Purchaser Defense**

"According to the 'sophisticated user' defense, there is no duty to warn an 'end user' of a product's latent characteristics or dangers when the user knows or reasonably should know of those dangers." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009). In Plaintiff's Motion for Partial Summary Judgment as to this Defense (Document No. 458), Plaintiff asserts that Judge

Robreno held that the "sophisticated purchaser defense is not available under maritime law in cases involving asbestos." (Document No. 458-1 at p. 2) Mack v. Gen. Elec. Co, 896 F. Supp. 2d 333, 343 (E.D. Pa. 2012). Defendants urge the Court to follow a separate line of cases, and note that the availability of the defense is a "case specific, fact driven determination, rather than the blanket unavailability suggested by plaintiff." (Document No. 483 at p. 10). Without weighing in on the availability of the Defense in the District of Rhode Island, the Court finds the evidence set forth by Defendants sufficient to create numerous fact issues. Specifically, Defendants have raised a genuine factual dispute as to whether their reliance on the Navy to warn Mr. Shepherd of the hazards of asbestos was reasonable. Defendants assert that the Report of Rear Admiral David P. Sargent contravenes the materials and arguments presented by Plaintiff. (Document No. 483 at pp. 5-10). Because I find that this raises a genuine issue of material fact, I recommend that Plaintiff's Motion for Partial Summary Judgment (Document No. 458) be DENIED without prejudice to renewal as appropriate during the trial of this matter.

### B. The Intervening Negligence Defense

Plaintiff also moves for Partial Summary Judgment on Defendants' Intervening Negligence Defense. Plaintiff seeks a judgment that the Navy cannot be held to have contributed a superseding or intervening cause of negligence to absolve the Defendants of liability. Plaintiff contends that because the Navy is an immune, judgment-proof entity, the Defendants are required to absorb the share of liability that would otherwise be attributable to the Navy under maritime law's joint and several liability laws. In their Objection, Defendants identify roughly twenty-two documents relied upon by Plaintiff that they argue were not produced or identified prior to the close of discovery. (Document No. 485 at pp. 2-3). Additionally, Defendants assert that the Declarations of Admiral

Roger B. Horne and Dr. Samuel A. Forman directly contradict the arguments and materials submitted by Plaintiff. Accordingly, I find that there is a genuine issue of material fact in dispute, and recommend that Plaintiff's Motion for Partial Summary Judgment (Document No. 459) be DENIED without prejudice to renewal as appropriate during the trial of this matter.

C. **The Government Contractor Defense**

The Government Contractor Defense holds that "independent contractors are immune from state law tort claims when (1) the United States Government approved reasonably precise specifications for the product at issue (2) the equipment conformed to those specifications and (3) the contractor warned the United States about dangers in the use of the equipment that were known to it, but not known to the United States." Boyle v. United Tech. Corp., 487 U.S. 500 (1988); see also Faddish v. Gen. Elec. Co., No. CIV.A.09 70625, 2010 WL 4146108, at *6 (E.D. Pa. Oct. 20, 2010). Plaintiff's Motion for Partial Summary Judgment contends that her claims "against Defendants are limited solely to failure to warn claims" and that the Government Contractor Defense is unavailable in a failure to warn case. (Document No. 460-1 at p. 16). Second, Plaintiff claims that even if the Government Contractor Defense applies in this case, the Defendants cannot satisfy the elements of the test because they cannot provide evidence that demonstrates that the United States exercised its discretion and approved the warnings, if any; that the contractor provided warnings that conformed to the approved warnings, and that the contractor warned the United States about the dangers of the equipment's use that the contractor knew about, but the United States did not. Tate v. Boeing Helicopters, 55 F.3d 1150, 1157 (6th Cir. 1995).

Defendants generally argue that the Navy imposed reasonably precise specifications, that the equipment conformed to those specifications and that the Navy knew of the hazards of asbestos as

of the 1920s. Defendants also assert that Plaintiff has set forth an incorrect legal standard. Viewing the record in detail, it is plainly apparent that both parties have submitted records that contain supported, conflicting material facts. Because I find that the parties' presentations of competing evidence present material factual disputes, the resolution of which is the proper province of the jury, I recommend that Plaintiff's Motion for Partial Summary Judgment (Document No. 460) be DENIED without prejudice to renewal as appropriate during the trial of this matter.

**Conclusion**

For these reasons, I recommend that Plaintiff's Motions for Partial Summary Judgment (Document Nos. 458, 459, 460) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 13, 2015